UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILCA EGLAUS,

Petitioner,

v. Case No. 3:26-cv-2806-MMH-PDB

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.,

Respondents.

---

**ORDER**

Petitioner Wilca Eglaus, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days (Doc. 1; Petition) on October 15, 2026. See generally Petition. Egalus, a citizen of Haiti, was temporarily detained at the border on October 31, 2022, and paroled into the United States the next day. Id. at 6. On September 9, 2026, United States Immigration and Customs Enforcement re-detained Eglaus at an appointment to adjust his status to that of a lawful permanent resident. Id. at 7. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 26.

Eglaus argues that his continued detention violates the Immigration and Nationality Act. Id. at 23–24. The Eleventh Circuit Court of Appeals has

concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Eglaus, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Eglaus was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Eglaus's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Eglaus an individualized bond hearing consistent with 8 U.S.C. §

[1] Because the Court finds that Eglaus is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

1226(a) or release him.[2] If Respondents release Eglaus, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden, Baker Correctional Institution's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of November, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

[2] Eglaus is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release").